IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., ) | |
| ) | Case No. CV-05-516-S-BLW |
| Petitioner, ) | |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| JOHN HARDISON, Warden, ) | **MEMORANDUM DECISION** |
| Idaho Maximum Security Institution, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

## INTRODUCTION

In this successive capital habeas matter, Petitioner claims that the Eighth Amendment prohibits his execution because he is mentally retarded. Several motions are currently pending before the Court, including Respondent's motion for summary judgment and Petitioner's motions for evidentiary development. To avoid further delay, the Court will resolve these matters on the written record without oral argument. D. Idaho L. Civil R. 7.1(d)(2).

Because the Court concludes, for the reasons that follow, that Petitioner exercised reasonable diligence in attempting to develop the complete factual basis for his claim in state court, it will grant his requests for limited discovery and additional mental health testing in this proceeding. The Court denies Petitioner's

**MEMORANDUM DECISION AND ORDER - 1**

motion to remand the case to the state court, but it reserves its decision whether a full evidentiary hearing will be necessary in federal court.

As a result of these rulings, the Court denies Respondent's motion for summary judgment and motion to strike, but this case will be dismissed if Petitioner is unable to allege specific facts at the close of the limited discovery and investigatory period that, if true, prove he would be entitled to relief.

## BACKGROUND

In 1986, Petitioner Gerald Ross Pizzuto was sentenced to death for the murders of Berta Herndon and her adult nephew Del Herndon. The Idaho Supreme Court affirmed the convictions, death sentence, and the denial of post-conviction relief. *State v. Pizzuto*, 810 P.2d 680 (1991). Pizzuto's first federal habeas petition was denied by this Court, and the Ninth Circuit Court of Appeals affirmed. *Pizzuto v. Arave*, 280 F.3d 940 (9th Cir. 2002), *amended in part by* 385 F.3d 1247.

In June 2002, the Supreme Court of the United States decided *Atkins v. Virginia*, holding that the Eighth Amendment to the Constitution precludes the execution of an offender who is mentally retarded. 536 U.S. 304, 321 (2002). In so ruling, the Court left to the states the "appropriate ways to enforce the constitutional restriction." *Id*. at 317.

Nine months later, the Idaho legislature enacted Idaho Code § 19-2515A,

**MEMORANDUM DECISION AND ORDER - 2**

which contains a substantive definition of mental retardation and provides a procedural mechanism for adjudicating claims that are raised before trial in cases in which the death penalty is an option. Under the statute, mental retardation is defined as (1) "significantly subaverage general intellectual functioning," meaning an intelligent quotient (IQ) of 70 or below, (2) accompanied by "significant limitations in adaptive functioning" in at least two of ten listed skill areas, and (3) with the onset of these mental deficits and adaptive limitations before the age of 18. Idaho Code § 19-2515A(1). For *Atkins* claims that arise after conviction, "[a]ny remedy available by post-conviction procedure or habeas corpus shall be pursued according to the procedures and time limits set forth in section 19- 2719, Idaho Code." Idaho Code § 19-2515A(6).

On June 19, 2003, Pizzuto filed a successive application for post-conviction relief in state district court, claiming that his execution is prohibited because he is mentally retarded. (State's Lodging J-1, pp. 1-10.) At that time, he supported his claim largely with evidence that was already in the record, including a seventeen-year-old opinion from psychologist Dr. Michael Emery, who concluded that Pizzuto had a verbal IQ score of 72. Pizzuto alleged that this score, when viewed within a standard margin of error, placed him within the range of "significantly subaverage general intellectual functioning." (State's Lodging J-1, p. 5.) He also

**MEMORANDUM DECISION AND ORDER - 3**

pointed to his serious childhood head injuries, deficits in education and social interaction, a diagnosis of epilepsy, and other expert opinions that he had "cognitive limitations." (State's Lodging J-1, p. 5-9.) Finally, he attached a new affidavit from Dr. Craig Beaver, a neuropsychologist, who reviewed an earlier evaluation and concluded that Pizzuto "likely meets the standard recently enacted in Idaho Code, Section 19-2515A regarding defendants who are mentally retarded and involved in first degree murder proceedings." (State's Lodging J-1, p. 59.)

The State responded to the successive petition by filing a motion for summary dismissal on procedural grounds. (State's Lodging J-1, p. 114.) The State alternatively contended that Pizzuto had simply failed to raise a genuine issue of material fact that, if resolved in his favor, would establish that he was mentally retarded. (State's Lodging J-9, pp. 6-11.)

While the State's motion was pending, Pizzuto filed a motion requesting the district court to grant him permission to complete a neuropsychiatric examination, which his counsel asserted was "necessary and material" to proving the *Atkins* claim. (State's Lodging J-1, p. 131-32.) At a subsequent hearing, however, counsel discouraged the judge from ruling on this issue until a separate motion to disqualify the judge had been resolved. (State's Lodging J-3, p. 52.) At that same hearing, the parties discussed the possibility of agreeing informally to authorize the

**MEMORANDUM DECISION AND ORDER - 4**

testing, but the matter was not resolved.  (State's Lodging J-3, pp. 52-53.)

After the motion to disqualify and a motion to pursue an interlocutory appeal from that decision were denied, Pizzuto moved for summary judgment.  (State's Lodging J-2, p. 280.)  Though he relied on much of the same evidence that he had lodged previously, he added new affidavits and documentary evidence, including school records, that he alleged demonstrated significant limitations in adaptive functioning during his developmental years.  (State's Lodging J-10, pp. 1-35.)

At the hearing on the parties' dispositive motions, Pizzuto's counsel argued that while she believed there was enough evidence in the record to prove that her client was mentally retarded, if the court disagreed, it should permit additional factual development before disposing of the case:

> [I]f [State's counsel] would like to have a hearing in this court and we would like to have a hearing in this court, I think the Court's best approach to this is to have a hearing in this court because ultimately Mr. Pizzuto will get a hearing on his mental retardation issue . . .
>
> ***
>
> I would suggest that rather than dismiss [the case] outright, that you give us an opportunity for additional testing, and you permit us to go forward to develop the evidence so that we can, in fact, present, if you think, an expert opinion – further expert opinion is necessary so we can present that, or that you at least give us some time to submit more ... it's reasonable to give us sufficient notice of what you think a prima facie case is and see if we can meet it.

(State's Lodging J-3, pp. 83-84, 105-06.)

**MEMORANDUM DECISION AND ORDER - 5**

The court thereafter issued a two-page decision granting the State's motion for summary dismissal and denying Pizzuto's motion for summary judgment. (State's Lodging J-2, pp. 309-10.) The court found that the petition was untimely under Idaho Code § 19-2719(5) because it had not been brought within a reasonable time after *Atkins* was announced. (State's Lodging J-2, p. 310.) It also agreed with the State that even if the petition were timely, Pizzuto had "failed to raise a genuine issue of material fact supporting his claim of mental retardation." (State's Lodging J-2, pp. 309-10.) The court's opinion did not mention the requests for additional testing or an evidentiary hearing.

On appeal, the Idaho Supreme Court determined that the district court had erred in finding the petition to be untimely, but it upheld the lower court's decision to dismiss the case. *Pizzuto v. State*, 2008 WL 466568, at *13 (February 22, 2008). In reaching that conclusion, the supreme court adopted and applied the substantive definition of mental retardation set out in Idaho Code § 19-2515A(1), rejecting Pizzuto's argument that the statute applied only to *Atkins* claims that are raised before trial. *Id*. at *13. The court ultimately held that Pizzuto had not established a prima facie case, primarily because he had failed to offer evidence from which a factfinder could reasonably conclude that his IQ was 70 or below before he turned 18. *Id*. at *8-11.

**MEMORANDUM DECISION AND ORDER - 6**

While the state post-conviction matter was still pending, Pizzuto applied to the Ninth Circuit for permission to raise his *Atkins* claim in a successive habeas proceeding in the Federal District Court. Pizzuto lodged the current Petition in this Court, and the Ninth Circuit granted his request to go forward. The federal matter was then stayed until May 2008, after the Idaho Supreme Court issued its final decision. (Docket Nos. 2, 7.)

Respondent has now submitted his answer and a motion for summary judgment. Pizzuto opposes summary judgment and has filed motions to remand to the state court or, in the alternative, for access to an expert, additional testing, discovery, and an evidentiary hearing in federal court. These matters are fully briefed, and the Court is prepared to rule.

## MOTION TO REMAND

As an initial matter, Pizzuto suggests that a remand to the state court is in order so that he can have "a full and fair and constitutionally adequate evidentiary hearing." (Docket No. 31.) In support, he argues that Idaho Code § 19-2515A is a constitutionally inadequate response to *Atkins* and that he was denied a meaningful opportunity to have his claim heard in the state courts under the correct constitutional standards.

Pizzuto has provided no legal authority showing that a "remand" to the state

**MEMORANDUM DECISION AND ORDER - 7**

court is appropriate in a habeas action, nor has he persuaded the Court that such a remedy, if available, would be advisable at this stage of the proceeding. Some of the constitutional issues that he raises in support of his motion might be pertinent to whether he will eventually be entitled to relief under the standards set forth in 28 U.S.C. § 2254(d), or, perhaps, under a de novo standard of review, but the Court finds these matters to be premature. If Pizzuto can establish that he is being held in state custody in violation of the Constitution under relevant standards, the Court will fashion an appropriate remedy as law and justice require at that time. 28 U.S.C. § 2243; 28 U.S.C. § 2254(a).

Accordingly, the motion to remand is denied.

## NEW EVIDENTIARY DEVELOPMENT

Short of a remand, Pizzuto seeks to develop his claim in federal court. The Court will give him some leeway to do so through limited discovery and a brief continued investigation, after which it will re-examine whether a full evidentiary hearing will be necessary. Because the Court will permit this factual development, Respondent's motion for summary judgment and motion to strike are denied.

### Standard of Law

This case is governed by the provisions of the 1996 Anti-terrorism and Effective Death Penalty Act (AEDPA).

**MEMORANDUM DECISION AND ORDER - 8**

Under AEDPA, specifically 28 U.S.C. § 2254(e)(2), if a habeas petitioner has "failed to develop the factual basis" for a claim in state court, an evidentiary hearing will not be held in federal court unless one of two narrow exceptions is applicable. This same prohibition applies when the petitioner seeks relief on new evidence in an expanded record without an evidentiary hearing. *Holland v. Jackson*, 542 U.S. 649, 652 (2004); *accord Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). And while § 2254(e)(2) does not speak directly to requests for civil discovery, the statute must be taken into consideration when a petitioner asks for permission to engage in discovery on the merits. This is so because it would be futile to allow the petitioner to obtain new material in discovery that ultimately cannot be presented to the Court in support of a claim, either through expansion of the record or at an evidentiary hearing. *See, e.g., Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002) (recognizing the same post-AEDPA limitations on discovery and an evidentiary hearing).

For § 2254(e)(2) to apply, however, the federal court must first conclude that the petitioner was at fault for the absence of a complete the factual record in state court. *Williams v. Taylor*, 529 U.S. 420, 436 (2000). The resolution of that issue turns on whether the petitioner or his counsel acted with reasonable diligence, which "depends upon whether the [petitioner] made a reasonable attempt, in light

**MEMORANDUM DECISION AND ORDER - 9**

of the information available at the time, to investigate and pursue claims." *Id.* at 431. At a minimum, this generally requires the petitioner to have requested an evidentiary hearing in state court in a manner prescribed by state law. *Id*. at 437.

If the petitioner was unable to develop the facts despite his diligence, then the decision whether to grant discovery, expand the record, or convene an evidentiary hearing lies in the district court's sound discretion, guided by ordinary habeas rules. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1937, 1940 (2007); *see also* Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases (Habeas Rules). Under Habeas Rule 6(a), the court must grant the petitioner leave to conduct discovery when he has established "good cause," which means that "if the facts are fully developed, [he may] be able to demonstrate that [he] is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). The court shall also hold an evidentiary hearing when the petitioner has alleged specific facts that, if proven to be true, would entitle him to relief. *Landrigan*, 127 S.Ct. at 1940; *Karis v. Calderon*, 283 F.3d 1117, 1126-27 (9th Cir. 2002).

Under all circumstances, new evidentiary development is unnecessary when the record "refutes the [petitioner's] factual allegations or otherwise precludes habeas relief." *Id*. at 1940 (citing *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998)); *see also Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992).

**MEMORANDUM DECISION AND ORDER - 10**

## Discussion

Pizzuto argues that § 2254(e)(2) does not apply in the present case because he was reasonably diligent in investigating and pursuing his *Atkins* claim in state court. As examples of this diligence, he points to his motion to complete neuropsychiatric testing and his request for an evidentiary hearing, which he included both in his application for post-conviction relief and at the dispositive motion hearing.

Respondent counters that Pizzuto's push for evidentiary development in state court was tepid, at best, noting that he "continually vacillated regarding whether he ultimately desired a hearing and/or testing." (Docket No. 37, p. 12.) He further argues that Pizzuto's decision to file a motion for summary judgment and rely on the evidence that had already been presented is inconsistent with a desire to develop the facts in greater detail. (Docket No. 37, pp. 15-16.)

The Court agrees that Pizzuto could have emphasized the need for factual development more clearly and forcefully, but there is no dispute that he actually sought additional testing and that his counsel argued to the state court that it should give her an opportunity to develop the evidence before the case was dismissed. (State's Lodging J-3, pp. 110-11.) Though counsel muddled her argument somewhat by suggesting that she needed "guidance" to make a prima facie case,

**MEMORANDUM DECISION AND ORDER - 11**

the district court was at least on notice that she was seeking to develop the facts *in the alternative* to disposing of the case summarily. The court implicitly denied that request by granting the State's motion to dismiss, and the Idaho Supreme Court affirmed on the testing issue. *Pizzuto*, 2008 WL 466568 at *13. Pizzuto's actions show minimally reasonable diligence under the *Williams* standard, and 28 U.S.C. § 2254(e)(2) is not applicable.

Although the statutory provision will not be a barrier, the question remains whether Pizzuto has made a sufficient showing for the Court to exercise its discretion and allow additional factual development here. He has submitted one partial IQ score near the cut-off of "significantly subaverage general intellectual functioning" (no other IQ scores are apparently in the record), and he has presented documents and affidavits that, if credited, could show serious deficits in his adaptive functioning during his formative years. He has also offered a new opinion from Dr. Ricardo Weinstein, a neuropsychologist, who indicates that "the records and evaluations of Mr. Pizzuto suggest that he is mentally retarded," but Dr. Weinstein concludes that more testing is needed to reach a definitive conclusion. (Docket No. 32, ¶¶ 25, 28.) Though the question is close, particularly with respect to Pizzuto's general intellectual functioning prior to age 18, this proffer raises enough of a concern in the Court's mind to permit a limited further inquiry before

**MEMORANDUM DECISION AND ORDER - 12**

resolving the matter.  Therefore, the Court finds good cause supporting Pizzuto's motions for access to a mental health expert, additional neuropsychiatric testing (conditional upon his counsel first specifying the date, time, and place for the testing), and discovery of prison records that are in Respondent's custody.[1]

The Court chooses to reserve its ruling on whether an evidentiary hearing will be necessary until after discovery and testing are complete.  *See* Comments to Habeas Rule 6(a) (noting that granting preliminary discovery may be helpful before deciding whether to hold an evidentiary hearing).  At that time, Pizzuto shall submit a concise offer of proof and a supplemental brief addressing whether his specific factual allegations, if proven to be true, would entitle him to relief.  *See Landrigan*, 127 S.Ct. at 1940.  Respondent shall have an opportunity to respond to the offer and supplemental briefing.[2]

---

[1] For simplicity, the Court will issue separate orders granting the motion for access by a mental health expert and the motion for additional testing to complete neuropsychiatric evaluation.

[2] In their briefing, the parties should discuss the appropriate standard of review to be applied on the merits when new evidence is offered in federal court.  *See, e.g., LeCroy v. Sec'y, Fla. Dept. of Corrections*, 421 F.3d 1237, 1262-63 (11th Cir. 2005) (noting a circuit split on this issue).

Moreover, despite Pizzuto's contention that Idaho Code § 19-2515A is constitutionally deficient, he would be advised to expend some briefing space demonstrating how he would meet the definition of mental retardation in § 19-2515A(1).

**MEMORANDUM DECISION AND ORDER - 13**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Respondent's Motion for Summary Judgment (Docket No. 21) is DENIED.

2. Respondent's Motion to Strike (Docket No. 43) is DENIED.

3. Petitioner's Motion for Discovery (Docket No. 28) is GRANTED. No later than 21 days of the date that this Order is entered on the Court's docket, Respondent shall respond to Petitioner's Requests for Production of Documents (Docket No. 28-2). Respondent shall file a notice with the Court once discovery has been completed.

4. Petitioner's Motion for Evidentiary Hearing (Docket No. 29) is DENIED without prejudice.

5. Petitioner's Motion to Remand (Docket No. 31) is DENIED.

6. Petitioner's counsel shall forthwith provide the Court and Respondent with notice of the date, time, and name of the medical facility that he has designated for completion of his requested neuropsychiatric testing. Petitioner's counsel shall also indicate her firm's willingness to pay the costs associated with the testing, including the cost to the State for providing security to transport Petitioner. Counsel shall

provide this information under seal but with service on Respondent. The Court will thereafter enter a separate order granting the motion.

7. No later than 90 days from the date that this Order is entered on the Court's docket, Petitioner shall submit an offer of proof to the Court in support of his motion for an evidentiary hearing.  Simultaneously with his offer of proof, Petitioner shall submit a supplemental brief, no longer than 20 pages, addressing whether he has set forth facts that, if true, prove he will be entitled to relief.  Respondent may submit a response, also limited to 20 pages, within 21 days of receiving Petitioner's offer and brief.  Petitioner shall not file a reply unless requested to do so by the Court.  The Court will re-evaluate whether an evidentiary hearing or expansion of the record will be necessary in this case.



DATED: **December 4, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 15**