IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| GERALD ROSS PIZZUTO, JR., | ) | |
|---|---|---|
| | ) | Case No. CV-05-516-S-BLW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| JOHN HARDISON, Warden, | ) | **ORDER** |
| Idaho Maximum Security Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

In this successive capital habeas matter, Petitioner claims that the Eighth Amendment prohibits his execution because he is mentally retarded. *See Atkins v. Virginia*, 536 U.S. 304 (2002). The Court has denied Respondent's Motion for Summary Judgment, and has granted Petitioner's request to conduct additional mental health testing and to engage in limited discovery. (Docket No. 52, pp. 13-14.) The Court reserved its ruling on whether an evidentiary hearing would be necessary until after the period of discovery and testing was complete. (*Id*.) That period has now closed, Petitioner has submitted an offer of proof, and the parties have filed supplemental briefing on whether an evidentiary hearing is necessary in this case.

Order - 1

The Court previously determined that Petitioner was diligent in state court in attempting to develop the factual basis for his *Atkins* claim but that he was denied an evidentiary hearing through no fault of his own. (Docket No. 52, pp. 11-12.) Therefore, the restrictions on new evidentiary development in federal court, contained in 28 U.S.C. § 2254(e)(2), are not applicable. (*Id.* at 12.) To be entitled to an evidentiary hearing, Petitioner need offer only a "colorable claim" for relief; that is, a hearing must be held if he has alleged facts that, if proven to be true, would show that he is entitled to relief. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007); *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001).

After reviewing the supplemental material, the Court finds that Petitioner has carried his burden to allege a colorable claim. He has offered the opinions of two mental health professionals who have concluded that Petitioner is mentally retarded both under Idaho law and under a clinical definition of the term. (Docket No. 61, Exhibit A; Docket No. 62.) In reaching their conclusions, both of these proposed experts reviewed portions of the record and examined Petitioner personally. (*Id.*) Respondent's argument regarding the weight and credibility to be assigned to these opinions is more appropriately addressed after an evidentiary hearing.

The Court expresses no opinion at this time regarding the standard of review that will apply to the state court's adjudication of the constitutional claim, and it finds only that Petitioner has come forward with a sufficient factual proffer to warrant an evidentiary hearing.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that an evidentiary hearing shall be held in this case, beginning at 1:30 p.m., M.S.T., on March 15, 2010, at the United States Courthouse in Boise, and continuing, if necessary, through March 19, 2010. The Court finds good cause for the parties to engage in discovery in preparation for the evidentiary hearing. *See* Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER ORDERED that no later than 14 days after this Order is entered, the parties shall confer about pre-hearing scheduling matters and shall jointly file a proposed scheduling order, suggesting deadlines for the disclosure of experts and their reports (including rebuttal experts), the completion of all pre-hearing discovery, the exchange of witness and exhibit lists, the filing of witness and exhibit lists with the Court, and the submission of pre-trial briefing. The

Court will review the submission and thereafter issue a pre-hearing scheduling order governing these matters.



DATED: **September 4, 2009**

B. LYNN WINMILL
Chief Judge
United States District Court