IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GERALD ROSS PIZZUTO, JR., | ) | |
| | ) | Case No. 05-CV-00516-S-BLW |
| Petitioner, | ) | |
| | ) | **CAPITAL CASE** |
| v. | ) | |
| | ) | **ORDER** |
| JOHN HARDISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently before the Court in this capital habeas matter is Respondent's Expedited Motion for Access to Petitioner by Respondent's Expert. (Docket No. 82.) Respondent seeks an order allowing his consulting expert, Roger B. Moore, Ph.D., to conduct a psychological examination of Petitioner at the Idaho Maximum Security Institution. Petitioner objects to the request.

For the reasons that follow, Respondent's Motion will be granted.[1]

## STANDARD OF LAW

Once discovery has been granted in a habeas case, as here, the district court

---

[1] Respondent scheduled the examination to take place on February 9-11, 2010. The Court sustained Petitioner's objection to expedited briefing on the Motion, and the examination dates have since become moot. (Docket No. 87.)
In accordance with the Order to follow, the examination shall be rescheduled at a time to be determined, with reasonable advance notice to Petitioner and his counsel.

**ORDER 1**

retains the discretion to limit the scope and extent of the discovery. *See* Rule 6(a) of the Rules Governing Section 2254 Cases ("Habeas Rules").

In addition, Rule 35(a) of the Federal Rules of Civil Procedure authorizes the court, under certain conditions, to order a party in a civil case to submit to a mental or physical examination as part of discovery. According to the Rule, the party seeking the examination must show that the "mental or physical condition" of the party who is to be examined "is in controversy," and that there is "good cause" for the examination. *See*, *e.g.*, *Schlagenhauf v. Holder*, 379 U.S. 104, 117-18 (1964).

When good cause has been shown, the court should ordinarily defer to the moving party's choice of expert, unless some significant objection has been raised. *See, e.g., Great West Life Assur. Co. v. Levithan*, 153 F.R.D. 74, 76 (E.D. Tenn. 1994); *Stinchcomb v. United States*, 132 F.R.D. 29 (E.D. Pa. 1990); *see also* 8A Wright, Miller, and Marcus, *Federal Practice and Procedure: Civil* § 2234 (1994). However, the manner of a court-ordered examination under Rule 35(a), including the designation of the examiner, is ultimately a matter that is vested within the discretion of the court. *Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir. 1974). The court also has the authority to issue an order to protect a party in discovery from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.

**ORDER 2**

R. Civil P. 26(c)(1).

## DISCUSSION

In this case, Petitioner is seeking habeas relief on a claim that he is mentally retarded and not eligible to be executed under the Eighth Amendment. His mental status is squarely in issue, and the Court has no hesitation in finding that Respondent has shown good cause to have a mental health expert evaluate Petitioner to assess his claim. Because Petitioner has chosen his experts, the Court is also inclined to defer to Respondent's choice of his own qualified expert and to permit reasonable testing conditions that the expert considers to be necessary. Petitioner does not object to an examination as a general matter, but he does object to the conditions under which Dr. Moore proposes to conduct his examination. Specifically, he objects to excluding his representative from the room without any means of recording the examination, and he seeks disclosure of Dr. Moore's testing instruments in advance. These objections shall be overruled.[2]

As an initial matter, Petitioner does not have a constitutional right to have his counsel or another representative be physically present during a psychological evaluation. *Cf. Estelle v. Smith*, 451 U.S. 454, 470 (1981) (holding, in a criminal

---

[2] Petitioner has "withdrawn his objections to access with respect to the determination of significant subaverage general intellectual functioning through neuropsychometric testing." (Docket No. 90, p. 2.)

**ORDER 3**

case, that a defendant in a capital case has a Sixth Amendment right to notice and to consult with counsel *before* a psychiatric examination); *see also Re v. Snyder*, 293 F.3d 678, 682 (3d Cir. 2002) (finding that *Estelle* did not establish a right to have counsel be present during the examination); *United States v. Klat*, 156 F.3d 1258, 1264 (D.C. Cir 1998) (same). Instead, the question is whether the Court should exercise its discretion under Habeas Rule 6 or Rules 26(c)(1) and 35(a) of the Federal Rules of Civil Procedure to allow a third party to observe or record the examination.

In his Affidavit, Dr. Moore claims that the presence of a third party or a recording device in the exam room would be disruptive to the testing environment and might corrupt the results. (Docket No. 82-2, pp. 2-4.) In response, Petitioner's expert, Dr. Ricardo Weinstein, claims that he is not as troubled by the presence of third parties or recording equipment (Docket No. 88-1, ¶ 10), and in this Court's view a prison setting is already potentially disruptive, but the Court does not find Dr. Moore's concerns to be implausible or patently unreasonable. *See, e.g., Estelle*, 451 U.S. at 470 n.14 ("an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination") (quoting *Smith v. Estelle*, 602 F.2d 694, 708 (5th Cir. 1979)). The parties also debate the extent to which the ethical rules of the psychological and psychiatric professions apply in

the context of third party observation. These disputes appear to be matters of opinion on which reasonable experts differ, which is not a significant reason for the Court to override Dr. Moore's preferences. Therefore, while Respondent must allow Petitioner to have reasonable access to his counsel before and after an evaluation session, neither his counsel nor any other representative shall be permitted in the room during the examination, nor shall Petitioner's representatives record the examination by audio or videotape. Respondent's counsel will likewise be excluded.

Petitioner next contends that he is entitled to disclosure of Dr. Moore's testing instruments in advance of the examination, because, according to him, some tests have no relevance to assessing mental retardation. Dr. Moore asserts that a clinical interview, a mental status examination, and cognitive, malingering, and personality testing, all may potentially assist him in rendering an opinion on the mental retardation issue. (Docket No. 82-2, pp. 2, 6.) Dr. Weinstein counters that "Dr. Moore's request to perform personality, depression, and memory testing has a potential to lead to irrelevant conclusions and may impact the opinion." (Docket No. 88-1, ¶ 4.) Again, reasonable mental health professionals may hold different opinions about which tests are necessary, and the Court is convinced that Dr. Moore has shown that his proposed testing is at least reasonably related to the

**ORDER  5**

question at hand.  The Court will not preemptively pick sides and exclude certain tests before they occur, and Petitioner's argument is more appropriately taken up during cross-examination, or in a motion in limine to exclude irrelevant or prejudicial evidence from the evidentiary hearing.

In short, the Court sees no real prejudice to Petitioner in allowing the examination to go forward as requested.  If Respondent intends to present Dr. Moore's testimony, Petitioner will be entitled to all the discovery to which he is entitled under the Federal Rules of Civil Procedure, which should allow him to prepare fully for the evidentiary hearing.  To the extent that Petitioner is concerned about the intrusiveness of psychological testing, he has placed his mental status in issue, and he has already been subjected to such testing on several occasions.  The Court recognizes that Petitioner has cited cases from Texas in which a mental health expert may have engaged in unethical conduct while testing death row inmates for mental retardation, but absent a showing that the potential for that type of behavior exists here, the Court finds these cases to be of limited relevance. *Pierce v. Thaler*, 2009 WL 4572839 (5th Cir. 2009 ); *Ex Parte Plata*, 2008 WL 151296 (Tex. Crim. App. 2008).

Accordingly, Respondent's Motion shall be granted.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Expedited Motion for Access to Petitioner by Respondent's Expert (Docket No. 82) is GRANTED.

IT IS FURTHER ORDERED:

(1) With reasonable advance notice to Petitioner Gerald Ross Pizzuto, Jr., and his counsel, Dr. Roger B. Moore shall be granted access to Petitioner to conduct a clinical interview, a mental status examination, and any psychological tests deemed appropriate by Dr. Moore at the Idaho Maximum Security Institution in Boise, Idaho, which will take approximately six to eight hours.

(2) Dr. Moore shall be provided a private place to meet with Petitioner which allows face-to-face access at a table with a comfortable chair without a glass barrier, in which tests can be conducted under confidential and privileged conditions.

(3) If Dr. Moore so requests, Petitioner's hands shall not be shackled during testing an interviewing.

(4) Dr. Moore shall be allowed to bring standard testing equipment into the visit.

(5) Dr. Moore shall comply with any and all instructions and directives of

prison staff deemed necessary to ensure security, except that, upon Dr. Moore's request, prison staff shall not require that correctional officers be present or within earshot of the examination.

(6) Neither Petitioner's attorneys, Respondent's attorneys, nor any other third party shall be permitted to attend the clinical interview, mental status examination, or be present in the same room while psychological tests are given and taken, nor shall any recording devices be permitted during the same. Petitioner shall be provided reasonable access to his attorneys before and after any evaluation session.

(7) Respondent or his agents shall accommodate Petitioner's reasonable requests for water and breaks. If the appointment conflicts with a regularly scheduled meal time at the institution, Respondent shall make arrangements to provide Petitioner with his meal or other food items to which he would otherwise be entitled.

DATED: **February 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge