IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN HARDISON, Warden, )<br>)<br>Respondent. )<br>_____ ) | Case No. 05-CV-00516-S-BLW<br><br>**CAPITAL CASE**<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

This capital habeas matter is scheduled for an evidentiary hearing on Petitioner's claim that he is mentally retarded and exempt from execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). The Court has authorized the parties to engage in discovery in advance of the hearing under Rule 6(a) of the Rules Governing Section 2254 Cases (Habeas Rules). Currently pending is Respondent's Motion to Compel Discovery. (Docket No. 92.)

Respondent claims that Petitioner has not complied with his Request for Production No. 1, in which he seeks "all medical records, X-rays or other imaging studies, medical bills and other records which evidence, document, describe, or reflect any medical examination, evaluation, or treatment rendered to Petitioner."

**MEMORANDUM DECISION AND ORDER - 1**

(Docket No. 92.) Although Petitioner has apparently produced most of the medical records in his possession, he has withheld the following: (1) "tests and results conducted or supervised by Craig Beaver, Ph.D., in conjunction with his affidavit with a fax line date of August 22, 1996"; and (2) "the underlying laboratory results and data from the testing conducted on Petitioner at St. Luke's in January of 2009," which were presumably considered by Dr. James Merikangas in reaching his recent conclusion that Petitioner is mentally retarded. (Docket No. 92-2, Exhibit E; Docket No. 62.) Petitioner claims that Dr. Beaver and Dr. Merikangas are non-testifying consulting experts and, as such, he has "not provided records from Drs. Beaver and Merikangas as they are privileged under Federal Rule of Civil Procedure 26(b)(4)(B)." (Docket No. 95, p. 3.)

In the interests of avoiding further delay, the Court will resolve this matter on the briefing and the record without oral argument. For the reasons that follow, the Court shall grant Respondent's Motion, and Petitioner shall be ordered to comply with the discovery request.

## BACKGROUND[1]

In 1986, Petitioner was convicted and sentenced to death for the murders of

---

[1] The parties are familiar with the lengthy factual history preceding this case. This section is limited to facts that are relevant to the pending Motion, particularly those related to Dr. Beaver and Dr. Merikangas.

**MEMORANDUM DECISION AND ORDER - 2**

Berta Herndon and her adult nephew Del Herndon.  During the initial post-conviction proceeding, Petitioner hired Dr. Merikangas, who is a neurologist and psychiatrist, to review records in the case.  Dr. Merikangas issued a report, dated April 1, 1988, containing his opinion that Petitioner was "a brain damaged individual," but the state district court did not authorize additional funds for Dr. Merikangas to personally examine Petitioner before denying all relief.  (State's Lodging B-1, pp. 120, 153-59.)

In the first habeas corpus action in this Court, District Judge Alan A. McDonald granted Petitioner's request to retain Dr. Beaver, a psychologist, for a comprehensive neuropsychological evaluation.  (Case No. CV 92-00241-S-AAM, Docket Nos. 64, 88.)  After completing the evaluation, Dr. Beaver signed an affidavit, under a faxed date of August 22, 1996 (the "1996 affidavit"), attesting to his belief that Petitioner had significant cognitive and neurological deficits.  Petitioner relied on Dr. Beaver's affidavit to support his claims of ineffective assistance of trial counsel, arguing that his appointed counsel were deficient in not uncovering and presenting similar mental health evidence. (*Id*. at Docket No. 89, pp. 106-08.)

Judge McDonald denied habeas relief.  (Case No. CV 92-00241-S-AAM*,* Docket No. 89.)  In affirming that decision on appeal, the Ninth Circuit Court of

**MEMORANDUM DECISION AND ORDER - 3**

Appeals discussed Dr. Beaver's affidavit extensively in the context of Petitioner's ineffective assistance of counsel claims.  *Pizzuto v. Arave*, 280 F.3d 949, 962-63 (9th Cir. 2002), *amended in part by* 385 F.3d 1247.

Nearly one year after the United States Supreme Court decided *Atkins*, Petitioner filed a successive application for post-conviction relief in state district court, alleging that he is mentally retarded.  (State's Lodging J-1, pp. 1-10.)  Among other exhibits, he included Dr. Beaver's 1996 affidavit and Dr. Merikangas's 1988 report.  (State's Lodging J-1, pp. 85-89, 100-107; Appendices B and C.)  In these reports, neither Dr. Beaver nor Dr. Merikangas offered an opinion on whether Petitioner is mentally retarded, but Petitioner also attached to his application a new affidavit from Dr. Beaver, dated June 18, 2003 (the "2003 affidavit").  In this new affidavit, Dr. Beaver indicated that he had reviewed the results of his previous evaluation and that he now believed that Petitioner "likely meets the standard recently enacted in Idaho Code, Section 19-2515A regarding defendants who are mentally retarded and involved in first degree murder proceedings." (State's Lodging J-1, p. 59.)  Combined with a 17-year-old report from psychologist Michael Emery, these opinions comprised the initial expert proof that Petitioner offered to support his *Atkins* claim.

Dr. Beaver later appeared for a third time in the state court *Atkins* proceeding

**MEMORANDUM DECISION AND ORDER - 4**

when Petitioner submitted yet another affidavit from him supporting Petitioner's request for additional mental health testing to determine the "etiology of [Petitioner's mental] limitations" and to resolve whether he "meets the criteria of mental adaptability [in *Atkins*]." (State's Lodging J-1, pp. 173-76.) By then, Dr. Merikangas had also personally examined Petitioner for mental retardation but he had not yet completed his evaluation, and Petitioner requested that the state district court issue an order allowing Dr. Merikangas to finish his testing. (State's Lodging J-1, pp. 132-33.)

Without expressly ruling on the request for testing or allowing new evidentiary development, the state district court dismissed the petition. (State's Lodging J-2, pp. 309-10.) The Idaho Supreme Court affirmed. *Pizzuto v. State*, 202 P.3d 642, 649 (Idaho 2008). In doing so, the Idaho Supreme Court addressed Dr. Merikangas's report and Dr. Beaver's affidavits in some detail and concluded that they did not assist Petitioner in establishing a prima facie case of mental retardation. *Id.* at 649-52.

The Ninth Circuit Court of Appeals authorized Petitioner to return to federal district court with his *Atkins* claim, initiating the current proceeding. (Docket No. 2.) As in state court, Petitioner attached Dr. Beaver's 1996 affidavit and Dr. Merikangas's 1988 report, among other items, as exhibits in support of his Petition.

**MEMORANDUM DECISION AND ORDER - 5**

(Docket No. 1, pp. 6, 11-12, 19; Exhibits H, F.)

This Court subsequently denied Respondent's Motion for Summary Judgment and granted Petitioner's motion for limited discovery and additional mental health testing, which included the testing that Dr. Merikangas had previously requested in state court. (Docket No. 52, p. 14.) At the conclusion of the testing period, Petitioner lodged declarations from Dr. Merikangas and Dr. Ricardo Weinstein, both of whom opined that Petitioner is mentally retarded. (Docket No. 60, pp. 4-5; Docket Nos. 61, 62.) Based in part on this offer of proof, the Court concluded that Petitioner had alleged a colorable claim for relief, and it set the case for an evidentiary hearing. (Docket No. 74.) The Court authorized the parties to engage in discovery, and it issued a Scheduling Order setting pre-hearing deadlines. (Docket Nos. 79, 94.)

Petitioner has now designated Dr. Weinstein and a James Patton as the expert witnesses whom he intends to call at the evidentiary hearing, and he has notified the Court that their reports have been provided to Respondent. (Docket No. 80.) He has not designated Dr. Beaver or Dr. Merikangas as testifying expert witnesses. (*Id.*)

In his pending Motion, Respondent seeks an order requiring Petitioner to turn over all items that are encompassed by his Request for Production No. 1,

**MEMORANDUM DECISION AND ORDER - 6**

including Dr. Beaver's 1996 testing data and results and the results and data from "testing conducted on Petitioner at St. Luke's in January of 2009." Petitioner has claimed a "trial preparation" privilege for this material under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure.

## STANDARD OF LAW

The Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are not inconsistent with a statutory provision or habeas rule. *See* Habeas Rule 12.

The availability of discovery related to expert witnesses under the Rules of Civil Procedure depends primarily on the expert's role in the case. It is clear that a party must disclose the identity of any expert that the party may "use at trial to present evidence under Rule 702, 703, or 705." Fed. R. Civil P. 26(a)(2)(A). A party must also provide the opposing side with a written report from any expert who will testify, and the expert must be made available to be deposed. Fed. R. Civil P. 26(a)(2)(B), (b)(4)(A).

Subject to limited exceptions, however, a party is entitled to shield from discovery "facts known and opinions held" by an expert that has been retained "in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civil P. 26(b)(4)(B). The primary purpose of this

**MEMORANDUM DECISION AND ORDER - 7**

rule is to encourage counsel to obtain expert advice freely without fear of disclosure to an adversary, and to prevent an adversary from building its own case from the expense and labor of the other side. *Plymovent Corp. v. Air Technology Solutions, Inc.*, 243 F.R.D. 139, 143 (D. N. J. 2007).

Courts have held that a party's disclosure of an expert's opinion early in civil litigation will not prevent the party from re-designating the expert as a non-testifying consultant shielded from discovery under Rule 26(b)(4)(B). *See In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D. La. 1990) (court-ordered early disclosure in a class action lawsuit did not prevent party from later designating experts as non-testifying consultants); *see also Mantolete v. Bolger*, 96 F.R.D. 179, 182 (D.Ariz. 1982). But other authority holds that a party will waive the protection of the rule when an expert has prominently entered the "judicial arena," such as by submitting evidence at the summary judgment stage of a proceeding. *See, e.g.*, *South Yuba Citizens League v. National Marine Fisheries Service*, 257 F.R.D. 607, 611 (E.D. Cal. 2009) (finding this to be the "majority rule"); *see also United States v. Hooker Chemicals & Plastics Corp.*, 112 F.R.D. 333, 339 (W.D.N.Y. 1986) ("when a party offers an affidavit of an expert witness in opposition to, or in support of a motion for summary judgment, it waives its right not to have the deposition of said expert taken.").

**MEMORANDUM DECISION AND ORDER - 8**

## DISCUSSION

Petitioner argues that because he has not designated Dr. Beaver and Dr. Merikangas as witnesses who will testify at the upcoming evidentiary hearing, he is entitled to shield the facts and data underlying their opinions from discovery under Rule 26(b)(4)(B).  Respondent counters that the rule is unavailable to Petitioner because he has relied on these experts extensively, particularly Dr. Beaver, in state and federal court.  Respondent further contends that even if the privilege applies, he has shown exceptional circumstances for discovery.  The Court agrees with Respondent on the first point and need not reach his second argument.

The Court is convinced that Dr. Beaver and Dr. Merikangas have entered the judicial arena to such an extent that Petitioner has waived any privilege under Rule 26(b)(4)(B) as it pertains to these experts.  In reaching this conclusion, the Court is not persuaded that Petitioner's previous reliance on the experts in state and federal court is akin to the limited disclosure of a consultant's opinion in preliminary matters in regular civil litigation.  Instead, a habeas proceeding necessarily includes a significant record that has already been developed, and the evidentiary hearing in this case is but the most recent stop in an otherwise lengthy journey during which Petitioner has sought collateral relief from his death sentence, often

**MEMORANDUM DECISION AND ORDER - 9**

relying to a large degree on mental health evidence.

A brief review of the record reveals why this is so.  Dr. Beaver's 1996 affidavit has made numerous appearances over the last 14 years, including in the first habeas action, on appeal in that proceeding, in the *Atkins* state post-conviction matter, in support of the present Petition, and in opposition to Respondent's Motion for Summary Judgment.  Petitioner also submitted new affidavits from Dr. Beaver in the state court *Atkins* matter, and while he apparently did not press the issue on appeal, the Idaho Supreme Court nonetheless assessed the relevance and probative force of this evidence in determining that Petitioner had not established a prima facie case of mental retardation.  *See Pizzuto*, 202 P.3d at 649-52.

Similarly, Dr. Merikangas issued his first report in 1988, which Petitioner submitted again in the *Atkins* state post-conviction proceeding.  He also began an evaluation of Petitioner specifically for mental retardation in 2003, and he completed that evaluation after this Court authorized Petitioner's request for more testing in 2008.  Recently, Petitioner relied on Dr. Merikangas's declaration, together with Dr. Weinstein's report, in support of his motion for an evidentiary hearing.  (Docket No. 60, p. 13.)

Accordingly, Petitioner's reliance on the experts' declarations and affidavits in state and federal court to seek relief based on alleged deficiencies in his mental

**MEMORANDUM DECISION AND ORDER - 10**

functioning, including mental retardation, precludes him from now using Rule 26(b)(4)(B) as a shield to prevent disclosure of the material upon which their opinions are based.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Compel Discovery (Docket No. 92) is GRANTED.  Petitioner shall provide a supplemental response to Respondent's Motion for Production No. 1 no later than 14 days from the date of this Order.



DATED:  **April 20, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 11**