UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR.,<br><br>        Petitioner,<br><br>v.<br><br>RANDY BLADES, Warden, Idaho Maximum Security Institution,<br><br>        Respondent.[1] | Case No. 1:05-CV-516-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

        This capital habeas matter is currently set for an evidentiary hearing on Petitioner's claim that his execution is prohibited by the Eighth Amendment because he is mentally retarded. Respondent has now filed a Motion to Reconsider (Dkt. 134), a [first] Motion to Expand the Record (Dkt. 126), and a [second] Motion to Expand the Record (Dkt. 143). In these motions, Respondent requests that the Court vacate the evidentiary hearing, decide the matter on an expanded record, and grant judgment in his favor. Respondent's primary argument is that newly disclosed IQ test scores, when considered in light of the record as a whole, defeat Petitioner's claim as a matter of law because there is no genuine issue of material fact as to whether Petitioner's intellectual functioning is significantly subaverage to support a finding of mental retardation. For the reasons that follow, the

---

[1] The current warden of the Idaho Maximum Security Institution, Randy Blades, is substituted as the proper respondent for John Hardison, who is deceased. Fed. R. Civil P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

Court disagrees.

The Court previously determined that Petitioner had acted with reasonable diligence in state court to develop his claim such that the restrictions on new evidentiary development in 28 U.S.C. § 2254(e)(2) would not be a barrier in this proceeding. (Dkt. 52, p. 12.) To warrant an evidentiary hearing, however, Petitioner must still present a colorable claim, meaning that he must allege specific facts that, if proven to be true, would establish that he is entitled to relief. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007); *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001). The Ninth Circuit has noted that alleging a colorable claim is a relatively "low bar." *Earp v. Ornoski*, 431F.3d 1158, 1170 (9th Cir. 2005).

Under Idaho law, mental retardation is defined as (1) "significantly subaverage general intellectual functioning," meaning an intelligent quotient (IQ) of 70 or below, which is (2) accompanied by "significant limitations in adaptive functioning" in at least two of ten listed areas, and (3) with an onset of these mental and adaptive deficits before the age of 18. Idaho Code § 19-2515A(1); *Pizzuto v. State*, 202 P.3d 642, 650-51 (Idaho 2008). Therefore, Petitioner must at least come forward with factual allegations that, if proven, could establish these basic elements.

In an effort to meet that standard, Petitioner previously submitted an offer of proof that contained the opinions of two mental health experts, Dr. James Merikangas and Dr. Ricardo Weinstein, who both concluded that Petitioner was mentally retarded under Idaho statutory provisions and clinical definitions of the term. (Dkt. Nos. 61, 62.) More

**MEMORANDUM DECISION AND ORDER - 2**

specifically, Dr. Weinstein conducted IQ testing and determined that Petitioner's score was below 70 on two standardized tests, and he further concluded that Petitioner's intellectual and adaptive deficits were present before age 18. (Dkt. 61-1, p. 18.) In addition to these new opinions, Petitioner has also consistently relied on a partial IQ score of 72 taken by Dr. Michael Emery during the trial proceedings in state court. As a result, the Court concluded that Petitioner had alleged a colorable claim warranting an evidentiary hearing. (Dkt. 74.) In reaching that conclusion, the Court noted that Respondent's arguments regarding the weight and credibility of the evidence were more appropriately addressed at the hearing.[2] (*Id*. at 2.)

Since then, Petitioner has disclosed additional IQ scores in discovery that were part of a psychological evaluation conducted by Dr. Craig Beaver in 1996. Dr. Beaver determined that Petitioner had a verbal IQ score of 91, a performance score of 94, and a full scale score of 92, well above the statutory cut-off. Respondent, relying these IQ scores and his own expert's opinion that Petitioner is not mentally retarded, now argues the Court should vacate the evidentiary hearing and grant judgment in his favor.

While the Court has little doubt that the newly revealed evidence puts this case in a different light, it is not persuaded that Petitioner can no longer show a colorable claim. Regardless whether Petitioner has formally "rebutted" the 1996 IQ test, as Respondent claims, Dr. Weinstein's opinion and test scores have not been amended or withdrawn, and

---

[2] Petitioner apparently no longer intends to call Dr. Merikangas at the evidentiary hearing, as he has not listed him as a testifying expert witness in his disclosures to Respondent.

**MEMORANDUM DECISION AND ORDER - 3**

Dr. Emery's partial IQ score of 72 remains a part of the record. This creates a disputed issue of material fact as to Petitioner's intellectual functioning that turns on the weight to be assigned to the experts' testing and opinions, which cannot be conclusively resolved by referring to written reports, deposition transcripts, or the like. *See* Rule 7 of the Rules Governing Section 2254 Cases, Advisory Committee Notes (noting that credibility determinations ordinarily cannot be made on the record when affidavits conflict). Respondent's argument that Dr. Weinstein's opinion is now discredited because Petitioner's counsel apparently did not reveal Dr. Beaver's IQ test to him is a matter of impeachment to be explored during cross-examination.

Accordingly, the Court declines Respondent's invitation to reconsider its previous rulings in this case. Respondent's motions to expand the record will likewise be denied, without prejudice, to the extent that Respondent seeks to expand the record in lieu of the scheduled evidentiary hearing.

## ORDER

IT IS HEREBY ORDERED:

1. Respondent's Motion to Reconsider (Dkt. 134) is DENIED.

2. Respondent's [first] Motion to Expand the Record (Dkt. 126) is DENIED without prejudice.

3. Respondent's [second] Motion to Expand the Record (Dkt. 143) is DENIED without prejudice.

4. The Clerk of Court shall substitute Randy Blades, Warden, as the proper

Respondent in this matter.



DATED: **October 12, 2010**

_/s/ B. Lynn Winmill_
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**