UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., <br><br> Petitioner, <br><br> v. <br><br> RANDY BLADES, Warden, Idaho Maximum Security Institution, <br><br> Respondent. | Case No. 1:05-CV-516-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

This capital habeas matter is set for an evidentiary hearing on Petitioner's claim that his execution is prohibited by the Eighth Amendment because he is mentally retarded. Currently before the Court is Petitioner's Motion in Limine, in which he seeks to exclude certain evidence from the hearing. (Dkt. 154.) Respondent has filed an objection (Dkt. 155), and the parties have presented oral argument to the Court.

It is apparently undisputed that in May of 2010 prison staff photocopied Petitioner's incoming and outgoing non-legal mail and forwarded copies to Respondent's counsel at the Idaho Attorney General's office. Respondent's counsel then provided the copies to Dr. Roger Moore, who considered the correspondence as part of the broad array of information on which he based his opinion that Petitioner is not mentally retarded.

In his Motion, Petitioner argues that these actions by Respondent's agents violated

**MEMORANDUM DECISION AND ORDER - 1**

his constitutional rights under the First and Fourth Amendments. As a remedy, he seeks "suppression" of the correspondence and the exclusion of Dr. Moore's report and testimony, or at least the exclusion of Dr. Moore's opinion to the extent that it is based on the correspondence. (Dkt. 154, p. 6.)

Respondent counters that Petitioner has not alleged a constitutional violation and that, in any event, suppression of relevant evidence would not be appropriate in this civil matter. (Dkt. 155, p. 10.) Respondent also maintains that Petitioner has placed his mental functioning squarely in issue, and that the letters were discoverable under Rule 26(b) of the Federal Rules of Civil Procedure. (Dkt. 155, p. 5.) Picking up on this latter argument, Petitioner shifted the focus of the issue during oral argument, contending that, if the letters were in fact discoverable, then Respondent committed misconduct because he simply took the evidence rather than using established discovery rules and procedures. Petitioner urges the Court to exercise its "inherent authority" to sanction this alleged misconduct by excluding the letters and Dr. Moore's opinion.

Initially, Petitioner has not persuaded the Court that suppression of the evidence solely as a remedy for alleged constitutional violations would be appropriate in a habeas proceeding. This would essentially require the application of the exclusionary rule to a collateral civil action, and the United States Supreme Court has never extended the rule beyond criminal trial matters. *See United States v. Janis*, 428 U.S. 433, 448, 454 (1976) (refusing to extend the exclusionary rule to civil tax proceedings); *United States v. Calandra*, 414 U.S. 338, 347 (1974) (grand jury proceedings); *Pennsylvania Bd. of*

**MEMORANDUM DECISION AND ORDER - 2**

*Probation and Parole v. Scott*, 524 U.S. 357, 364 (1998) (parole revocation hearings); *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984) (immigration deportation hearings); *cf. Stone v. Powell*, 428 U.S. 465, 493-494 (1976) (holding that a state prisoner generally cannot seek relief on habeas review based on a claim that the state court should have suppressed evidence under the Fourth Amendment). Petitioner has offered no authority or argument supporting the application of the exclusionary rule in this context.

Nevertheless, the Court is troubled by Respondent conduct, and the narrower discovery issue may offer an alternative path to addressing that conduct. It is true that prisoners have limited privacy rights and that prison officials can regulate their freedom to communicate with the outside world when the prison's regulations are rationally related to legitimate penological interests. *Turner v. Safely,* 482 U.S. 78, 89 (1987). Within those parameters, the Court has no general quarrel with the Idaho Department of Correction's policy of inspecting non-legal mail for security reasons. But, in the absence of a reasonable suspicion that Petitioner was violating the law or prison rules, Respondent has offered no *penological* purpose in taking the additional steps of photocopying Petitioner's mail, forwarding copies to the Attorney General's office, and then providing those copies to a private psychologist whom Respondent has retained in this litigation. Respondent may have had a *litigation* purpose, but not a penological one, which implicates the rules of discovery.

Still, to justify the extreme sanction of excluding relevant evidence, Respondent or his attorneys must have acted in bad faith and committed serious misconduct. *See Gomez*

**MEMORANDUM DECISION AND ORDER - 3**

*v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (affirming inherent-power sanctions based on a finding of bad faith, vexatiousness, wantonness, oppressiveness, or willful disobedience of a court order); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (finding of bad faith for purposes of inherent-power sanctions includes a broad range of willful improper conduct, such as trying to gain a tactical advantage). The Court understands Respondent's counter-argument to be that because IDOC policy already allowed for inspection of non-legal mail, he believed that the State could keep a copy of Petitioner's correspondence without interrupting the delivery of his mail, and none of Petitioner's rights would be violated. In other words, a mistaken interpretation of the rules—if that is what occurred here—is not bad faith. This argument has some appeal, and the Court further finds that Respondent has not had a chance to respond fully or to provide relevant authority on the issue as it has been re-framed by Petitioner. Respondent may file a short supplemental brief, at his option, in accordance with the schedule to follow.

    For these reasons, the Court chooses to defer its final ruling on the Motion in Limine until after the evidence has been introduced at the evidentiary hearing. Because there will be no jury in this case, the Court sees little danger in permitting Respondent to present his case, including the evidence at issue here, before deciding whether Respondent or his attorneys committed sanctionable misconduct and, if so, what the appropriate remedy would be. The Court is particularly interested in hearing the extent to which Dr. Moore's opinion is based on his review of Petitioner's photocopied correspondence. The Court reserves the right to strike all or part of the evidence that is

**MEMORANDUM DECISION AND ORDER - 4**

introduced, if it deems that course of action appropriate.

## ORDER

IT IS ORDERED:

1. Petitioner's Motion in Limine (Dkt. 154) is taken under advisement.

2. Respondent may file a supplement brief, no longer than five pages, on or before November 15, 2010. Petitioner may file any additional relevant authority on or before November 15, 2010.

DATED: **November 10, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**