UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR.,<br><br>   Petitioner,<br><br>v.<br><br>RANDY BLADES, Warden, Idaho Maximum Security Institution,<br><br>   Respondent. | Case No. 1:05-CV-516-BLW<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>**CAPITAL CASE** |

  Before the Court is Respondent's Motion for Payment of Expert Fees. (Dkt. 184.) Respondent seeks an order requiring Petitioner to pay $7,862.59 in fees and expenses to Respondent's expert, Roger B. Moore, Ph.D., which Respondent claims are associated with Dr. Moore's preparation for and attendance at a pre-hearing deposition taken by Petitioner's counsel.

  For the reasons that follow, Respondent's Motion will be granted in part and denied in part.

## BACKGROUND

  Respondent's only expert to testify at the evidentiary hearing in this matter was Dr. Moore, a clinical psychologist with a principal office in Cary, North Carolina. Before the evidentiary hearing, Petitioner's counsel notified Respondent's counsel that she intended

to take Dr. Moore's deposition. To that end, the parties exchanged emails discussing the logistics of the deposition. In one email, Respondent's counsel notified Petitioner's counsel that Dr. Moore's rates were $250.00 per hour for services at his office and $300.00 per hour for out-of-office services, and that "formal legal hearings are billed in four hour increments, travel time included if applicable, at $300.00 per hour." (Dkt. 184-6, Anderson Aff., Appendix B.) Petitioner's counsel responded, in part, by writing that Dr. Moore "should plan on one full day at his shop," and she offered a range of possible dates. (*Id.*, Appendix C.) She later provided formal notice to Respondent that the deposition would be taken on August 18, 2010, at the offices of a court reporting service in Raleigh, North Carolina. (Dkt. 184-2.)

The deposition began at 9:30 a.m., recessed for lunch, and then concluded at 2:35 p.m. (Dkt. 184-3, Appendix B.) Dr. Moore packed up the files that he had brought with him and returned to his office by 3:30 p.m. that day. (Dkt. 184-5, Moore Aff., ¶ 17.) Because he was informed that the deposition could last for a full day, he had cleared his schedule of appointments. (*Id*. at ¶ 9.)

Dr. Moore sent an itemized bill for $7,862.59 to Petitioner's counsel for fees and expenses associated with the deposition. (Dkt. 184-4, Appendix C.) The bill was based on 21.75 hours of preparation at $250.00 per hour, eight hours to attend the deposition at $300.00 per hour, 37 travel miles at 45.5 cents per mile, and $8.25 for lunch. (Dkt. 184-4, Appendix C.) Petitioner's counsel refused to pay the amount billed and instead offered to pay $2,655.00. (Dkt. 184-4, Appendix D.) Respondent has since filed the pending Motion

**MEMORANDUM DECISION AND ORDER - 2**

for an order requiring Petitioner to pay the full amount.

## STANDARD OF LAW

A party seeking discovery from an opposing side's expert must "pay the expert a reasonable fee for time spent in responding to discovery," unless manifest injustice would result. Fed. R. Civil P. 26(b)(4)(E)(i). "The purpose of the rule is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *United States v. Twin Falls, Idaho*, 806 F.2d 862, 879 (9th Cir. 1986), overruled on other grounds as recognized by *Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551-52 (9th Cir. 1992).

Courts have generally held that the party seeking discovery by deposition must also pay for the expert's preparation and travel time. *See*, *e.g.*, *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999); *Barnes v. District of Columbia*, 272 F.R.D. 135, 137 (D.D.C. 2011); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y. 1997). A few courts hold that such fees are not recoverable unless there are exceptional circumstances or complex issues. *See*, *e.g.*, *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D. Wisc. 1994). While the Ninth Circuit has apparently not addressed this issue, this Court is persuaded by the weight of authority that the "time spent in responding to discovery" necessarily includes reasonable preparation and travel time. *See Collins*, 197 F.R.D. at 355 ("[t]ime spent preparing for a deposition is, literally speaking, time spent in responding to discovery"); *cf. Magee*, 172 F.R.D. at 647 ("permitting compensation for preparation time actually facilitates the

**MEMORANDUM DECISION AND ORDER - 3**

deposition process").

In all cases, the amount of the expert's fees and expenses must be reasonable, and the party seeking payment carries the burden to show reasonableness. *Gwin v. American River Transportation Co.*, 482 F.3d 969, 975 (7th Cir. 2007).

## DISCUSSION

Petitioner does not claim that it would be manifestly unjust to require him to pay Dr. Moore's reasonable fees and expenses in responding to discovery. Nor does he argue that Dr. Moore's hourly rates are unreasonable as a general matter. Instead, he claims that the total time for which Dr. Moore seeks compensation is unreasonable. The Court concludes that the amount that Dr. Moore has requested for preparation time will be reduced, but the remainder of his bill is otherwise reasonable.

Petitioner first contends 21.75 hours is an excessive amount of time to prepare for the deposition, given that "Dr. Moore's expert report was not complex as it addressed a single issue and was only 14 pages long." (Dkt. 187, p. 5.) Though the Court agrees with Petitioner that he should not be required to pay for Dr. Moore's trial preparation, it disagrees that the potential issues to be explored at his deposition were simple or straightforward. This death penalty case dates back nearly 25 years, has an extensive record that includes multiple mental health evaluations by numerous experts, and the mental retardation issue is complex. In addition, after Dr. Moore completed his own report, Petitioner provided Respondent with a report from a rebuttal expert; it was not unreasonable for Dr. Moore to prepare for possible questions related to the rebuttal

**MEMORANDUM DECISION AND ORDER - 4**

expert's opinion.

Still, the Court finds 21.75 hours – over six hours of preparation time per one hour of time spent testifying at the deposition – to be excessive. Some of this time can be characterized as general trial preparation or needless duplication of previous work, and, as such, is not compensable under Rule 26. *See Collins*, 197 F.R.D. at 358 (finding a three-to-one ratio to be unreasonable); *Fiber Optic Designs, Inc. v. New England Pottery*, *LLC*, 262 F.R.D. 586, (D. Colo 2009) (reducing a request for 16 hours of preparation time, for a 7.5 hour deposition, to four hours); *New York v. Solvent Chemical Co.*, *Inc.*, 210 F.R.D. 462, 471-72 (W.D.N.Y. 2002) (reducing reimbursable preparation time from 17.75 hours to three hours). The Court therefore finds that no more than 10 hours of preparation time is reasonable under the circumstances, at $250.00 per hour, for a total of $2,500.00.

Petitioner next contends that Dr. Moore should not be compensated for two, four-hour blocks of time because the deposition did not last the entire day. Petitioner's counsel was notified in advance, however, that "formal legal hearings are billed in four hour increments, travel time included if applicable, at $300.00 per hour." (Dkt. 184-6, Anderson Aff., Appendix B.) Block billing might be unreasonable if it does not accurately reflect the time expended by the expert, but the Court finds that amount billed here reasonably reflects the use of Dr. Moore's time, because (1) Petitioner's counsel informed Respondent that the deposition could take all day, causing Dr. Moore to clear his calendar of fee-generating appointments, (2) she arranged for the deposition to occur at a location away from Dr. Moore's office, which resulted in travel time, (3) the

**MEMORANDUM DECISION AND ORDER - 5**

deposition continued into the afternoon hours, and (4) Dr. Moore was unable to return to his office until late afternoon.[1]

Accordingly, Respondent's Motion will be granted in part and denied in part, as set forth above.

## ORDER

IT IS ORDERED:

1. Respondent's Motion for Payment of Expert Fees and Expenses (Dkt. 184) is GRANTED in part and DENIED in part.

2. Petitioner is responsible for paying $4,916.84 ($2,500 preparation time + $2,400 deposition time + $16.84 mileage cost) either directly to Dr. Roger Moore, Ph.D., or to reimburse Respondent, whichever is applicable.

DATED: **July 9, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] Also, the rate charged for mileage is reasonable and reimbursable, but Dr. Moore can be expected to pay for his own lunch.

**MEMORANDUM DECISION AND ORDER - 6**